SHATTUCK v. GUARDIAN TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

PLEADING—ANSWER—PARTIAL DEFENSE.

The paragraph of an answer in an action by the receiver of a corporation to recover a deposit of $75,000, made with defendant by the corporation, payable to its order, which repeats as a partial defense what had been previously alleged as, and, if true, is, a complete defense, that the corporation drew checks on defendant for said amount, which were paid, is demurrable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 191, 450.]

Appeal from Special Term.

Action by Edwin P. Shattuck, as receiver of the New York Investment & Improvement Company, against the Guardian Trust Company. From an interlocutory judgment overruling a demurrer to a separate and partial defense set up in the answer, plaintiff appeals. Reversed, and demurrer sustained.

See 123 App. Div. 406, 107 N. Y. Supp. 1043.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Julian C. Harrison, for appellant.
Clarence P. Moser, for respondent.

INGRAHAM, J. This action is brought to recover from the defendant the balance due to the corporation of which the plaintiff is the

receiver upon a deposit account with the defendant. The complaint alleges that on the 16th day of December, 1905, the New York Investment & Improvement Company paid to and deposited with the defendant the sum of $75,000 belonging to and owned by the New York Investment & Improvement Company, which sum the defendant agreed to pay on demand upon the order of the New York Investment & Improvement Company, with interest thereon at the rate of 2½ per cent. per annum; the appointment of the plaintiff as receiver, and the demand made upon the defendant for the payment of that sum of $75,000, with accrued interest, which the defendant declined and refused to pay. The answer admits the deposit, the terms thereof, and the demand, and for a separate and further defense sets out, by the fourth paragraph of the answer, that the investment and improvement company drew two checks upon the defendant aggregating $75,000, which were duly paid by the defendant, and that by the payment of these checks the principal of the said account between the investment company and the defendant was fully paid and satisfied, there then remaining a balance of $69.04 as interest on said account; that on the 5th of May, 1906, the investment company presented its passbook with the defendant, in which said several deposits had been at the time thereof duly entered, to be balanced, and at the same time the defendant caused the account of the said investment company with the defendant to be balanced in said passbook, which passbook then showed that there still remained due and owing to the said investment company $69.04, and no more; and on May 5, 1906, the defendant duly delivered the said passbook to the investment company, together with the aforesaid two checks aggregating $75,000, which had been drawn by the investment company, and the said investment company then took and retained said passbook and checks, and has ever since retained the same, and that thereupon the account between the defendant and the investment company was duly stated at the sum of $69.04; that no objection to the said account was ever made to the defendant, or any demand for said sum, until on or about the 17th day of May, 1907, when the plaintiff demanded of the defendant payment of the amount alleged in the complaint. After setting up several further defenses, the answer, "for a further, separate, and partial defense," alleges: "(8) It repeats all of the allegations of the fourth paragraph of this amended answer" (the paragraph that has been referred to), and further alleges that the said check for $70,000, and as well check for $5,000, drawn on the defendant as aforesaid, bore what purported to be the signature of Charles L. Spier and Alfred Lauterbach, who were, respectively, the president and treasurer of the said New York Investment & Improvement Company, and were duly authorized to sign the same. That thereafter, and prior to the commencement of this action, and as well prior to the commencement of the action of this plaintiff against Alfred Lauterbach, as trustee, as hereinafter alleged, the plaintiff made a claim to the defendant that what purported to be the signature of said Lauterbach as treasurer to each of said checks was forged by said Spier, who took and retained the proceeds of both of said checks to his own use. That whether such signature was so forged, or whether said Spier converted any part of said moneys to

his own use, the defendant has no knowledge or information save as so advised; but in that behalf the defendant alleges that shortly after the 1st day of January, 1906, the said Spier took out two policies of life insurance covering the life of Spier, and aggregating $75,000 in face value, and payable to Alfred Lauterbach as trustee. That on the 5th day of May, 1906, the said Spier executed and delivered to the said Lauterbach a paper writing, of which a copy is annexed to the answer, and which is the form of a letter, stating that the said Spier handed to Lauterbach two policies amounting to $75,000, made out to Lauterbach's order as trustee. That "in case anything should happen to me (Spier), will you dispose of the proceeds as follows: Pay into the Guardian Trust Company for a/c N. Y., & I. Co. $68,067.09." That with such instrument Spier delivered to Lauterbach the two policies referred to. That on the 7th day of May, 1907, something happened to Spier, and thereafter the said Lauterbach accepted said trust and undertook to discharge the duties thereof, and collected and received said sum of $75,000 as the proceeds of the said two policies, and has ever since continued to hold the said $75,000 subject to the trust. That the purpose and object of the said trust was to reimburse the guardian trust company for the moneys paid out by it on the aforesaid checks drawn against the account of the New York Investment & Improvement Company with this defendant, in the event that it should be found that the signature of the said Lauterbach, as treasurer, to said checks was forged, and that the proceeds of said checks had been converted by said Spier to his own use. That, with full knowledge of all the facts, and upon allegation thereof, the plaintiff on or about the 21st day of June, 1907, commenced an action in this court against the said Alfred Lauterbach, as trustee, under the aforesaid trust created by the said Spier demanding judgment that the paper writing made and signed by said Spier be adjudged and declared an instrument or declaration of trust for the benefit of the plaintiff herein, so far as the same relates to the said sum of $68,067.09. That the defendant Lauterbach, as trustee, be required and directed to make and file his account of the said two policies and of the sum of $75,000 which came into his hands as the proceeds thereof, so paid to him as trustee, so far as relates to the said sum of $68,067.09. That the said Lauterbach, as trustee, be directed to pay to said Guardian Trust Company the said sum of $68,067.09, and that payment of that sum be made to the plaintiff, and the said action is still pending and undetermined.

The only point relied on by the defendant to sustain this defense is that, by reference to paragraph 4 as a part of this defense, it realleged all of the facts therein stated. If these facts are true, there would be a complete defense to the cause of action alleged, and therefore a defense containing these allegations pleaded as a partial defense is not good. If it be conceded that the separate defense contained in the fourth paragraph which is then pleaded as a complete defense is good, the question is whether repeating that defense as a partial defense relieves it from an attack by demurrer. Section 507 of the Code of Civil Procedure provides that:

"A defendant may set forth, in his answer, as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denomi-

nated legal or equitable. Each defense or counterclaim must be separately stated, and numbered. Unless it is interposed as an answer to the entire complaint, it must distinctly refer to the cause of action which it is intended to answer."

Section 508 provides that:

"A partial defense may be set forth, as prescribed in the last section; but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. Upon a demurrer thereto, the question is, whether it is sufficient for that purpose."

Section 494 provides that:

"The plaintiff may demur to a counterclaim or a defense consisting of new matter, contained in the answer, on the ground that it is insufficient in law, upon the face thereof."

Now, the allegation contained in paragraph 4 of the answer, which is pleaded as a separate and further defense, would be, under section 507 of the Code, a defense to the whole cause of action pleaded. It is manifestly not a partial defense, as it attacks the plaintiff's entire cause of action, and, when restated as a partial defense and demurred to the question, is whether it is sufficient as a partial defense, as it appears that it is not a partial defense at all, but, if anything, is a defense to the entire cause of action, it cannot be sufficient as a partial defense. It can only be sustained if the other facts alleged make it a partial defense within section 508 of the Code. The action pleaded was between the plaintiff and Lauterbach to require Lauterbach to pay to this defendant out of certain moneys in his hands the sum of $68,-067, and that the payment of that sum be made to the plaintiff. There is no allegation that that action was commenced prior to the present action, and it appears in the statement annexed to the case that this action was commenced on the 22d of May, 1907, when the action, as alleged in this defense, was commenced on the 21st day of June, 1907. It is not alleged that the defendant was a party to that action, and the only relief demanded is that Lauterbach, as trustee, pay the money to the defendant trust company, and that the money should also be paid to the plaintiff. The liability against this defendant which the plaintiff seeks to enforce in this action is for the balance of a deposit account. It is entirely independent of any claim that the plaintiff should have against Lauterbach for money that he had received and held upon trust for the plaintiff or for the defendant. Upon the face of the transaction, as stated in this defense, the separate demands were not inconsistent. The plaintiff might be entitled to that money in Lauterbach's hands, and also might be entitled to maintain this action against this defendant for the balance of its deposit account. Whatever effect the receipt of that money by the plaintiff from Lauterbach would have as a partial defense to the plaintiff's cause of action against the defendant it is unnecessary to determine, as it is not alleged that the plaintiff has received any money from Lauterbach to which such a defense could apply. It may well be that, if the plaintiff should succeed in its cause of action against Lauterbach in recovering this sum of money, then the defendant could have the right to plead the receipt of that money by the plaintiff as a partial defense, and demand that the amount so received should be applied on the defendant's indebted-

109 N.Y.S.—55

ness to the plaintiff; but the mere commencement of an action to compel Lauterbach to account as trustee for the money that he had received, and that he pay that sum either to the defendant or to the plaintiff could not be at all a ·defense to defeat the plaintiff's cause of action, or to reduce the amount to which the plaintiff was entitled. It certainly cannot be treated as an account stated which would limit the plaintiff's right to recover as against this defendant; and it is equally ineffectual as pleading the pendency of another action to re‐ cover the same demand, as it is not against the same parties, and not based upon the same liability or obligation. As the defendant relies solely upon the facts pleaded in the fourth paragraph of the answer as realleged in this defense and has stated that it was not necessary on this appeal to consider whether the partial defense demurred to can be sustained as a plea of pendency of another action, or as an election of inconsistent remedies,·or whether it can be sustained as pleading facts showing damage suffered by the defendant by reason of the neg‐ ligence of the depositor in failing to examine the vouchers and to no‐ tify the defendant of the alleged forgeries, because the demurrer was properly overruled on the grounds already stated, we are unable to ascertain upon what principle the defendant relied in inserting these facts as a partial defense; but, as including the reallegation of the fourth clause, there is no principle that I can see upon which this defense can be sustained as a partial defense. I think the court below should have sustained the demurrer.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, the defendant to be al‐ lowed to amend his answer upon payment of costs in this court and in the court below. All concur.